30

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

KAINA GRANT,
Plaintiff,

v.

KBP BRANDS, INC., and
WENDY GATEWELL, Individually,
Defendants.

Case: 2:25-cv-10363
Assigned To : Cox, Sean F.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 2/7/2025
Description: CMP Grant v. KBP Brands INC. et al(AB)

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1. Plaintiff, KAINA GRANT, brings this action against Defendants **KBP BRANDS, INC.** and **WENDY GATEWELL** for severe and intentional violations of federal law, including the **Americans with Disabilities Act (ADA)**, the **Fair Labor Standards Act (FLSA)**, and federal labor and employment laws. Plaintiff was the victim of **gross misconduct, deliberate fraud, workplace retaliation, identity theft, discrimination, defamation, financial coercion, wrongful termination, and a hostile work environment**, resulting in **financial hardship, emotional trauma, and irreparable damage to her livelihood and reputation**.
2. Plaintiff seeks **maximum compensatory, punitive, and statutory damages** for the **systematic abuse, fraudulent misconduct, and emotional distress** she endured at the hands of Defendants.

## PARTIES

3. Plaintiff **Kaina Grant** is a resident of **Sterling Heights, Michigan,** and was employed by Defendant **KBP Brands, Inc.,** operating under the **KFC franchise** at multiple locations, including **18303 Joy Rd, Detroit, Michigan 48228**, and later **34330 Grosbeak Hwy, Fraser, MI 48035**. Plaintiff has worked at KFC since she was **16 years old**, demonstrating **unwavering dedication and excellence in service**, which led to **multiple rehires over the years** due to her outstanding contributions to the company. Plaintiff is now **23 years old**, with **years of experience and a proven track record of reliability and strong work ethic**, yet she was **betrayed, exploited, and cast aside** in violation of federal law.
4. Defendant **KBP Brands, Inc.** is a corporation operating KFC restaurant locations, including in **Wayne County, Michigan**.
5. Defendant **Wendy Gatewell** was employed as a **General Manager** at KBP Brands and **abused her position of power** by engaging in **fraudulent, retaliatory, and illegal**

**actions** against Plaintiff, while also fostering a **hostile work environment and spreading malicious falsehoods about Plaintiff to destroy her reputation.**

## JURISDICTION & VENUE

6. This Court has jurisdiction because the events giving rise to this lawsuit occurred in **Wayne County, Michigan**, and involve federal claims under the **ADA and FLSA**.
7. Venue is proper as Defendants conduct business in **Wayne County, Michigan**, and the **acts of fraud, retaliation, defamation, financial coercion, wrongful termination, and identity theft** occurred at **Plaintiff's workplace in Detroit, Michigan, and extended to other store locations.**

## FACTUAL BACKGROUND

8. Plaintiff was a **model employee, recognized for her strong work ethic and reliability.** Due to her dedication, **KBP Brands re-hired her multiple times, requesting her return because of the value she brought to the company.** Despite this **clear recognition of her worth, she was subjected to systemic mistreatment, fraud, and a hostile work environment.**
9. In **July 2024**, Plaintiff was rehired and returned to full-time work at KBP Brands. Shortly after returning, she was **admitted to a psychiatric ward on July 19, 2024**, for one week. The only individuals at work who had knowledge of this were **Defendant Wendy Gatewell and Area Coach Crystal Wilborn**. Upon Plaintiff's return to work in **August 2024**, the treatment she received from both individuals **drastically changed**. Plaintiff had been **promised an immediate raise upon her rehire, before her hospitalization**, yet upon returning, that promise was completely disregarded. Defendants **deliberately delayed her raise as a form of discrimination, assuming she had a severe mental illness and was no longer capable, despite there being no valid reason for withholding her pay increase.** Plaintiff was suddenly **belittled, treated as if she was no longer capable, and subjected to delays in receiving the raise she had already been promised.**
10. Defendant **Wendy Gatewell, under the instruction of Crystal Wilborn, forced Plaintiff to contribute to KBP's non-profit organization, KBP Cares, against her will.** Defendant **Gatewell accessed Plaintiff's Workday account without permission and set up a $1 payroll deduction for every paycheck**, even though Plaintiff had explicitly stated that she did not wish to participate.
11. In **Summer 2023**, while Plaintiff was self-employed, Defendant **Wendy Gatewell engaged in payroll fraud using Plaintiff's identity. Gatewell ordered a Wisely pay card in Plaintiff's name and had it sent to her own address.** She then **received three direct payroll deposits to this fraudulently controlled account**, despite Plaintiff **not working for KBP Brands at the time.** This was a **deliberate act of financial fraud and identity theft** that directly harmed Plaintiff.

12. On **February 3, 2025**, Plaintiff was **abruptly and wrongfully terminated in retaliation** for filing a final HR complaint via email regarding wage theft and fraud. A substitute manager at her location **engaged in targeted harassment**, refusing to acknowledge Plaintiff, forcing her to perform unrelated and demeaning tasks, and setting up a situation where Plaintiff would be unfairly disciplined.

13. The substitute manager **falsely accused Plaintiff of having a "smart mouth"**, openly mocked Plaintiff to an area coach in front of other employees, and engaged in **intimidation tactics** by following Plaintiff around the store. The area coach, **Jeramie Dixon, took the substitute manager's side without investigation**, and **demanded that Plaintiff leave the store immediately.**

14. After Plaintiff confronted **Wendy Gatewell** about the fraud from Summer 2023 in **December 2024**, Gatewell retaliated by **threatening to have Plaintiff institutionalized in a psychiatric facility**, stating, *"It's time for you to go back."* This was a **clear attempt to intimidate Plaintiff into silence**, using her past hospitalization as a weapon to **discredit her claims and erase her credibility.** Gatewell further **implied that Plaintiff's entire family would support institutionalizing her to protect themselves**, causing Plaintiff **immense emotional distress, fear, and isolation.** In an effort to control the narrative, **Gatewell spread malicious lies about Plaintiff to her family and friends, turning them against her and making them view her as mentally unstable.** She **tarnished Plaintiff's name and reputation**, causing **irreparable harm to her personal relationships and emotional well-being.**

15. **In direct retaliation for exposing the fraud and other crimes publicly on her TikTok platform, Wendy Gatewell verbally fired Plaintiff over the phone on December 7th, 2024 which was 2 days after Plaintiff's 23rd birthday**, telling her she could **"never come back".** This act was done without **due process or lawful termination protocols**, further demonstrating KBP Brands' **retaliatory intent and misconduct.**

**DEMAND FOR MAXIMUM RELIEF ALLOWED BY LAW**

WHEREFORE, Plaintiff requests the following relief:

A. **Judgment against Defendants for fraud, wage theft, retaliation, discrimination, defamation, financial coercion, wrongful termination, and hostile work environment.**

B. **Treble damages for wage theft, totaling $13,667.88.**

C. **Punitive damages for emotional distress, reputational harm, and financial coercion in an amount no less than $10,000,000.**

D. **Compensation for lost earnings, delayed career advancement, and future financial loss due to wrongful termination and retaliation, totaling $1,500,000.**

E. **Court-ordered injunctive relief, requiring KBP Brands to implement stronger anti-retaliation policies, payroll fraud prevention measures, and ADA compliance training.**

F. **Full restitution of unauthorized deductions and punitive damages for financial manipulation and workplace abuse.**

G. **Attorney's fees, legal costs, and any additional damages the Court deems just and proper.**

H. **Total damages sought: $11,513,667.88**

**JURY DEMAND** Plaintiff **demands a trial by jury** on all triable issues.
**Respectfully submitted,**
**Kaina Grant**

*Kaina Grant*

Dated: February 4, 2025

**Subject:** Urgent: Forged Arbitration Agreement, Payroll Fraud, and Workplace Retaliation Investigation Request

**To:** KBP Brands HR Department (humanresources@kbpinvestments.com) **KBP Brands Address:** 11141 Overbrook Rd Unit 400, Leawood, KS 66211, United States **KBP Brands Phone:** 913-356-6300 **From:** Kaina Grant **Date:** February 2, 2025

**Suspect Information:**

- **Name:** Wendy Gatewell
- **Address:** 8208 Chalmers Ave, Warren, MI 48089, United States

**Dear KBP Brands HR Team,**

I am writing to formally **dispute the arbitration agreement, payroll records, and employment decisions** associated with my employment at KFC (KBP Brands). I have discovered that my **signature was forged** on employment documents, wages were **fraudulently processed under my name** without my authorization, and I was **wrongfully denied a promotion and raise due to discriminatory treatment following a psychiatric hospitalization.**

## Details of the Fraud & Workplace Retaliation:

- **Forgery & Unauthorized Signatures:** The **arbitration agreement and biometric consent forms** in my employment file contain electronic signatures I did not provide.
- **Payroll Fraud:** Between **July and October 2023**, wages were deposited under my name, but I did not work those hours.
- **Unauthorized Payroll Card:** My **Wisely payroll card** was **mailed to an address I did not provide and used without my knowledge.**
- **Delayed Promotion & Wage Increase:** In **July 2024**, I returned to KFC full-time and was **promised a promotion to Shift Manager and a raise to $16 per hour.**
- **Discriminatory Treatment:** After being hospitalized on **July 19, 2024**, and returning to work in **August 2024**, my promotion and raise were delayed indefinitely by **Wendy Gatewell (GM) and Crystal Wilborn (Area Coach)**, despite my **background check and documentation already being cleared.**
- **Retaliation After Exposing Fraud:** In **December 2024**, after discovering and confronting the payroll fraud, I was **verbally fired over the phone by Wendy Gatewell**, who stated I **needed mental help** and that my **brain was fried.**
- **HR Forced My Transfer Instead of Addressing the Issue:** HR later confirmed she had **no authority to fire me**, but instead of reinstating me, they **forced me to transfer stores** while my other family members remained at the original location.
- **Direct Connection to Payroll Fraud:** Upon requesting a new pay card in December 2024, I found that my **Wisely pay account username was identical to Wendy Gatewell's KFC login credentials (wlg7274)**, proving she was accessing and managing my payroll account.

- **Loss of Income Due to Wrongful Termination:** I was out of work for the entire **month of December 2024 and the first six days of January 2025** before returning to work on **January 6, 2025,** after being relocated by HR.

## Supporting Evidence:

1. **Payroll Statements (July - October 2023)** – Showing unauthorized wage deposits and withdrawals.
2. **Forgery Documentation** – Comparing my real signature with the fraudulent ones.
3. **Employment Records Discrepancies** – I was employed elsewhere while KFC wages were processed under my name.
4. **HR Correspondence** – Phone calls confirming she had no authority to fire me but still forced my store transfer.
5. **Wisely Account Login Email** – Screenshot showing that the username for my Wisely pay account matches Wendy Gatewell's KFC credentials.
6. **Communication Records** – Screenshots of my TikTok exposure post and records of my termination phone call.
7. **Police Report Number:** 24-99751 (Filed on December 29, 2024)

## Requested Actions:

1. **Immediate investigation into the forged arbitration agreement, payroll fraud, and workplace retaliation.**
2. **Formal acknowledgment that the arbitration agreement is void due to fraud.**
3. **Compensation for delayed promotion, lost wages ($2,880 for December 2024 and January 2025), and mental distress ($5,000).**
4. **Corrective actions against the responsible parties, including Wendy Gatewell and Crystal Wilborn.**

Please confirm receipt of this request and provide details on the next steps for investigation. I am prepared to escalate this matter legally if necessary but would prefer to resolve it directly with your cooperation.

Thank you for your prompt attention to this serious matter.

Sincerely,
Kaina Grant          *Kaina Grant*          02/02/25

Address: 34911 Van Dyke Ave Apt. 394 Sterling Heights, MI 48312
Email: kainamoneagrant@gmail.com
Phone: 586-636-8074
Employee ID: 25109



P.O. Box 9008
San Dimas, CA, 91773

| | |
|---|---|
| 8103 7660 0108 3112 | |
| KAINA GRANT | |
| 34911 VAN DYKE AVE. #394 | |
| STERLING HEIGHTS, MI 48312 | |

| | |
|---|---|
| **Customer Service:** | 1-866-313-6901 |
| **Card Number:** | XXXX-XXXX-XXXX-0071 |
| **Period Start Date:** | July 01, 2023 |
| **Period End Date:** | July 31, 2023 |

## Summary of Transactions

| Previous Balance | (+) Credits & Adjustments | (-) Purchases & Adjustments | New Balance |
|---|---|---|---|
| **$0.00** | $1,377.04 | **$710.04** | $667.00 |

## Summary of Savings Envelope

| | |
|---|---|
| Savings Total | **$0.00** |

*Savings Envelope(s) balance is in addition to the New Balance listed above.

## Summary of Fees

| | |
|---|---|
| Fees for Current Statement | **$5.25** |
| Year-to-Date Fees | **$5.25** |

## Account Transaction Activity

| Date | Reference ID | Description | Credit | Debit |
|---|---|---|---|---|
| July 21 | 5861763128 | K6160324A - Direct Deposit | +$714.03 | |
| July 21 | 5862658307 | P691744-21708 VAN DYKE WARREN MIUS | | -$203.00 |
| July 21 | 5862658308 | ATM Transaction (Domestic) Fee | | -$1.75 |
| July 21 | 5862910757 | TARGET T- 28800 Dequin-TARGET T- 28800 Dequin Warr en US | | -$99.87 |
| July 21 | 5863274773 | SQ *LAPE SOULFOOD KITC Warren MIUS | | -$64.38 |

| | | | | |
|---|---|---|---|---|
| July 22 | 5866053624 | NICKY D'S WARREN MIUS | | -$27.51 |
| July 25 | 5870811338 | Joy Southfield-17690 Joy Road Detroit Beac hMIUS | | -$202.95 |
| July 25 | 5870811339 | ATM Transaction (Domestic) Fee | | -$1.75 |
| July 25 | 5870813400 | Joy Southfield-17690 Joy Road Detroit Beac hMIUS | | -$82.95 |
| July 25 | 5870813401 | ATM Transaction (Domestic) Fee | | -$1.75 |
| July 25 | 5870845064 | DOLLAR GENERAL # DG 14276-DOLLAR GENERAL # DG 142D ETROIT MIUS | | -$6.36 |
| July 26 | 5872158019 | MCDONALD'S F1908 WARREN MIUS | | -$17.77 |
| July 31 | 5883735967 | K6160324A - Direct Deposit | | +$963.91 |

## Privacy Notice:

Federal law requires us to tell you how we collect, share, and protect your personal information. Our privacy policy has not changed and you may review our policy and practices with respect to your personal information at **info.mywisely.com/pay** or we will mail you a free copy upon request if you call us at **1-866-313-6901**.

**In case of errors or questions about your electronic funds transfers:**
Telephone us at **1-866-313-6901**. or write us at **P.O. Box 9008 San Dimas, CA, 91773, Attention: Cardholder Services**. as soon as you can if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt. We must hear from you NO LATER than 60 days after the earlier of the date you electronically accessed your account, if the error could be viewed in your electronic history, or the date we sent you the FIRST written history on which the problem or error appeared.

You may request a written history of your transactions at any time by calling us at **1-866-313-6901** or writing us at **P.O. Box 9008 San Dimas, CA, 91773** , **Attention: Cardholder Services**. Be prepared to give us the following information:

- Tell us your name and account number
- The dollar amount of the suspected error
- A description of the error transfer you are unsure of, why you believe it is an error, or why you need more information.

We will investigate whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account.

For errors involving new accounts, point-of-sale, or foreign-initiated transactions, we may take up to 90 days to investigate your complaint or question. For new accounts, we may take up to 20 business days to credit your account for the amount you think is in error. We will tell you the results within three business days after completing our investigation. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation.



P.O. Box 9008
San Dimas, CA, 91773

8103 7660 0108 3112
KAINA GRANT
34911 VAN DYKE AVE. #394
STERLING HEIGHTS, MI 48312

| | |
|---|---|
| **Customer Service:** | 1-866-313-6901 |
| **Card Number:** | XXXX-XXXX-XXXX-0071 |
| **Period Start Date:** | August 01, 2023 |
| **Period End Date:** | August 31, 2023 |

## Summary of Transactions

| Previous Balance | (+) Credits & Adjustments | (-) Purchases & Adjustments | New Balance |
|---|---|---|---|
| **$667.00** | $300.92 | **$964.96** | $2.96 |

## Summary of Savings Envelope

| Savings Total | $0.00 |
|---|---|

*Savings Envelope(s) balance is in addition to the New Balance listed above.

## Summary of Fees

| Fees for Current Statement | $0.00 |
|---|---|
| Year-to-Date Fees | $5.25 |

## Account Transaction Activity

| Date | Reference ID | Description | Credit | Debit |
|---|---|---|---|---|
| August 01 | 5886709425 | DOLLAR GE DG 129197610-DOLLAR GE DG 129197610 WARR EN US | | -$40.70 |
| August 02 | 5888558602 | FAMILY DOLLAR #-FAMILY DOLLAR # CENTERLINE US | | -$30.60 |
| August 02 | 5888603747 | DOLLAR GE DG 129197610-DOLLAR GE DG 129197610 WARR EN US | | -$15.76 |
| August 03 | 5890841765 | AUTOZONE 2254 24019 DEQU-AUTOZONE 2254 24019 DEH AZEL PARK MIUS | | -$226.2? |
| August 03 | 5890884395 | CITGO FLOWERS FU WARREN MIUS | | -$39.48 |

| August 03 | 5891239210 | BURGER KING #5267 WARREN MIUS | -$19.68 |
| August 04 | 5892288026 | MCDONALD'S F8167 WARREN MIUS | -$9.00 |
| August 04 | 5892288027 | MCDONALD'S F8167 WARREN MIUS | -$11.63 |
| August 04 | 5893223833 | VARY FIND FOOD MART WARREN MIUS | -$9.00 |
| August 04 | 5893635018 | DOLLAR GE DG 129197610-DOLLAR GE DG 129197610 WARR EN US | -$8.48 |
| August 04 | 5894147948 | AAROYD THAI WARREN MIUS | -$25.33 |
| August 05 | 5894764429 | MCDONALD'S F8167 WARREN MIUS | -$16.61 |
| August 05 | 5894871015 | FOOD AND BEVERAGE DETROIT MIUS | -$5.61 |
| August 05 | 5895062876 | DOLLAR GE DG 129197610-DOLLAR GE DG 129197610 WARR EN US | -$69.85 |
| August 06 | 5897236325 | COSTCUT BEAUTY SUPPLY DETROIT MIUS | -$130.00 |
| August 14 | 5913074683 | K6160324A - Direct Deposit | +$300.92 |
| August 15 | 5916250632 | DTE Energy 800-4774747 MIUS | -$300.00 |
| August 20 | 5927695301 | NICKY D'S WARREN MIUS | -$6.94 |

**Privacy Notice:**

Federal law requires us to tell you how we collect, share, and protect your personal information. Our privacy policy has not changed and you may review our policy and practices with respect to your personal information at **info.mywisely.com/pay** or we will mail you a free copy upon request if you call us at **1-866-313-6901**.

**In case of errors or questions about your electronic funds transfers:**
Telephone us at **1-866-313-6901**. or write us at **P.O. Box 9008 San Dimas, CA, 91773, Attention: Cardholder Services,** as soon as you can if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt. We must hear from you NO LATER than 60 days after the earlier of the date you electronically accessed your account, if the error could be viewed in your electronic history, or the date we sent you the FIRST written history on which the problem or error appeared.

You may request a written history of your transactions at any time by calling us at **1-866-313-6901** or writing us at **P.O. Box 9008 San Dimas, CA, 91773 , Attention: Cardholder Services.** Be prepared to give us the following information:

- Tell us your name and account number
- The dollar amount of the suspected error
- A description of the error transfer you are unsure of, why you believe it is an error, or why you need more information.



P.O. Box 9008
San Dimas, CA, 91773

8103 7660 0108 3112
KAINA GRANT
34911 VAN DYKE AVE. #394
STERLING HEIGHTS, MI 48312

**Customer Service:** 1-866-313-6901
**Card Number:** XXXX-XXXX-XXXX-0071
**Period Start Date:** September 01, 2023
**Period End Date:** September 30, 2023

## Summary of Transactions

| Previous Balance | (+) Credits & Adjustments | (-) Purchases & Adjustments | New Balance |
|---|---|---|---|
| **$2.96** | | **$0.01** | |

## Summary of Savings Envelope

| | |
|---|---|
| Savings Total | **$0.00** |

*Savings Envelope(s) balance is in addition to the New Balance listed above.

## Summary of Fees

| | |
|---|---|
| Fees for Current Statement | **$0.00** |
| Year-to-Date Fees | **$5.25** |

## Account Transaction Activity

| Date | Reference ID | Description | Credit | Debit |
|---|---|---|---|---|
| September 12 | 5976344144 | RENT A CENTER ECOMMERC 800-2752696 TXUS | | -$0.01 |

## Privacy Notice:

Federal law requires us to tell you how we collect, share, and protect your personal information. Our privacy policy has not changed and you may review our policy and practices with respect to your personal information at **info.mywisely.com/pay** or we will mail you a free copy upon request if you call us at **1-866-313-6901**.

**In case of errors or questions about your electronic funds transfers:**
Telephone us at **1-866-313-6901**. or write us at **P.O. Box 9008 San Dimas, CA, 91773, Attention: Cardholder Services,** as soon as you can if you think your statement or receipt is incorrect or if you need more information about a transfer

listed on the statement or receipt. We must hear from you NO LATER than 60 days after the earlier of the date you electronically accessed your account, if the error could be viewed in your electronic history, or the date we sent you the FIRST written history on which the problem or error appeared.

You may request a written history of your transactions at any time by calling us at **1-866-313-6901** or writing us at **P.O. Box 9008 San Dimas, CA, 91773** , **Attention: Cardholder Services.** Be prepared to give us the following information:

- Tell us your name and account number
- The dollar amount of the suspected error
- A description of the error transfer you are unsure of, why you believe it is an error, or why you need more information.

We will investigate whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account.

For errors involving new accounts, point-of-sale, or foreign-initiated transactions, we may take up to 90 days to investigate your complaint or question. For new accounts, we may take up to 20 business days to credit your account for the amount you think is in error. We will tell you the results within three business days after completing our investigation. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation.

For more complete details, see the **Wisely® Pay** Cardholder Agreement or other applicable account agreement that governs your account.



P.O. Box 9008
San Dimas, CA, 91773

| | |
|---|---|
| 8103 7660 0108 3112 | **Customer Service:** 1-866-313-6901 |
| KAINA GRANT | **Card Number:** XXXX-XXXX-XXXX-0071 |
| 34911 VAN DYKE AVE. #394 | **Period Start Date:** October 01, 2023 |
| STERLING HEIGHTS, MI 48312 | **Period End Date:** October 31, 2023 |

## Summary of Transactions

| Previous Balance | (+) Credits & Adjustments | (-) Purchases & Adjustments | New Balance |
|---|---|---|---|
| **$2.95** | $0.00 | **$0.00** | $2.95 |

## Summary of Savings Envelope

| | |
|---|---|
| Savings Total | **$0.00** |

*Savings Envelope(s) balance is in addition to the New Balance listed above.

## Summary of Fees

| | |
|---|---|
| Fees for Current Statement | **$0.00** |
| Year-to-Date Fees | **$5.25** |

No Account Transaction Activity for this period.

**Privacy Notice:**

Federal law requires us to tell you how we collect, share, and protect your personal information. Our privacy policy has not changed and you may review our policy and practices with respect to your personal information at **info.mywisely.com/pay** or we will mail you a free copy upon request if you call us at **1-866-313-6901**.

**In case of errors or questions about your electronic funds transfers:**
Telephone us at **1-866-313-6901**. or write us at **P.O. Box 9008 San Dimas, CA, 91773, Attention: Cardholder Services,** as soon as you can if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt. We must hear from you NO LATER than 60 days after the earlier of the date you electronically accessed your account, if the error could be viewed in your electronic history, or the date we sent you the FIRST written history on which the problem or error appeared.

You may request a written history of your transactions at any time by calling us at **1-866-313-6901** or writing us at **P.O. Box 9008 San Dimas, CA, 91773 , Attention: Cardholder Services.** Be prepared to give us the following information:

- Tell us your name and account number
- The dollar amount of the suspected error
- A description of the error transfer you are unsure of, why you believe it is an error, or why you need more information.

We will investigate whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account.

For errors involving new accounts, point-of-sale, or foreign-initiated transactions, we may take up to 90 days to investigate your complaint or question. For new accounts, we may take up to 20 business days to credit your account for the amount you think is in error. We will tell you the results within three business days after completing our investigation. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation.

For more complete details, see the **Wisely® Pay** Cardholder Agreement or other applicable account agreement that governs your account.

# Maintain My Worker Documents: Kaina Grant

| Worker Document | Document Category | Attachments | | | | |
|---|---|---|---|---|---|---|
| | | Alternative Text | File Name | Upload Date | | |
| Kiana Grant Serve Safe.pdf | Certification | | Kiana Grant Serve Safe.pdf | 07/27/2024 07:22:53 PM | | |

## Reviewed Documents

### Standard Documents

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Arbitration Agreement | 06/02/2023 | Onboarding - Arbitration Agreement.pdf | Acknowledgment | Kaina Grant | 06/26/2024 06:08:06 PM | Please review the attached KBP Brands Arbitration Agreement document. After you have reviewed it, please select "I Agree". |
| Biometrics Disclosure and Consent | 01/01/1900 | Onboarding - Biometrics Disclosure and Consent.pdf | e-signature | Kaina Grant | 06/26/2024 06:08:06 PM | Please review the attached KBP Brands Biometrics Disclosure and Consent document. After you have reviewed it, please select "I Agree". |

### Generated Documents

| Document | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|
| Employment Letter 2024-02-11.pdf | Acknowledgment | Kaina Grant | 09/12/2024 10:11:20 AM | By clicking 'I Agree" and then "Submit" below, I acknowledge the document will be saved in my documents and can be referenced later. |
| Termination Notice Form 2024-02-11.pdf | Acknowledgment | Kaina Grant | 06/26/2024 06:08:42 PM | By clicking 'I Agree" and then "Submit" below, I acknowledge the document will be saved in my documents and can be referenced later. |

5:10

LTE

< **Profile Info** ✕

## Login Information

| | |
|---|---|
| Username | **wlg7274** |

| | |
|---|---|
| Password | **xxxxxxxx** > |

## Contact Information

| | |
|---|---|
| Name | **Kaina M Grant** |

| | |
|---|---|
| Address | **34911 Van Dyke Ave. #394 Sterling Heights, MI 48312** > |

| | |
|---|---|
| Mailing address | **34911 Van Dyke Ave. #394 Sterling Heights, MI 48312** > |

| | |
|---|---|
| Email | **kainamoneagrant@gmail.com** > |

| | |
|---|---|
| Phone | **(586) 636 - 8074** > |

**5:01** ⏎                      ⁙  LTE ◳

‹         **Video analysis**

Posted on Dec 6, 2024, 11:10 PM

| 19K | 492 | 85 | 35 | 80 |
|---|---|---|---|---|

**Overview**      Viewers      Engagement

## Key metrics ⓘ

Updated on 2/1/2025.

| Video views | Total play time |
|---|---|
| **19163** | **375h:9m:32s** |

| Average watch time | Watched full video |
|---|---|
| **72.0s** | **4.21%** |

| New followers | Est. rewards |
|---|---|
| **56** | **$19.14** |



Dec 6, 2024                   Dec 12, 2024

Chart shows the data trend during the first 7 days



**StoneCrest CENTER**

A Behavioral Health Hospital

DATE: 8/1/2024

To Whom It May Concern:
RE:  Kaina Grant

Kaina Grant was admitted to our facility on 7/19/2024. During this time, Kaina was unable to tend to work, schedule appointments, or tend to legal matters. Please excuse all absences during this time. Kaina is cleared to return to work without retrictions on Saturday, 8/3/24.

If you have any further questions, please contact me at 313-254-5486 EXT 697.

Sincerely,

Jessica Carroll, LLMSW
Clinical Therapist
StoneCrest Center

*Everybody is somebody in our community!*

19000 Gratiot Ave · Detroit, MI  48205
P: 313-245-0600 · F: 313-245-0650 · Admissions: P: 313-245-0650 · F: 313-839-6550 · TTY: 800-649-3777
StoneCrest Center operates 24 hours a day, 7 days a week

# Sterling Heights POLICE

# TO WHOM IT MAY CONCERN

**CASE NUMBER:** 24- 99751   **DATE:** 12-29-24

When making an inquiry or providing additional information concerning this case, refer to the above number. Copies of reports **will not be available for at least 72 hours** and certain reports may require additional time. Inquiries can be made by contacting the Records Bureau at 446-2900, Monday through Friday, 9 a.m. to 4:30 p.m.

**There are applicable fees for incident and accident reports.**

*For inquiries, CALL:*

| | |
|---|---|
| REPORT INFORMATION | (586) 446-2900 |
| GENERAL INFORMATION | (586) 446-2800 |
| 41-A DISTRICT COURT | (586) 446-2500 |
| CRIMINAL INVESTIGATIONS | (586) 446-2825 |
| YOUTH BUREAU | (586) 446-2940 |
| TRAFFIC DIVISION | (586) 446-2920 |
| ANIMAL CONTROL | (586) 446-2879 |
| MACOMB COUNTY JAIL (Arrestee Info) | (586) 307-9612 |
| MACOMB JUVENILE COURT | (586) 469-5240 |
| SOCIAL WORKER | (586) 446-2806 |
| CORE COMMUNITY OUTREACH | (586) 446-CORE (2673) |

**Accident Reports available for purchase at**
https://www.sterling-heights.net/547/Police-Report-Copies

**OFFICER/BADGE#:** Vaccaro 6303

STERLING HEIGHTS POLICE DEPARTMENT

2:32 ⏀





**Wendy**

**Yea ur really gone I see but its all good u enjoy ur life without me**

**Girl stop texting me, you can't face me or talk in person cuz you know you're weird.**

**I'll see you at work.**

**No I won't u don't work here**

**Enjoy life raising another child by yourself, I hope you treat him right.**

**Says who?**

**Ur not on kfc schedule so please 🙏 stay away**

+

**2:32**

:: LTE 100



**Wendy**

here

Enjoy life raising another child by yourself, I hope you treat him right.

Says who?

Ur not on kfc schedule so please 🙏 stay away from this location

I'm good to all my kids u just got a hold to the wrong drug witch ur friends gave u cause they were all jealous of you but u ok 🦶

You're jealous

You just like them

+

2:33 ◀

:: LTE 100

 8



**Wendy**

you but u ok

You're jealous

You just like them

A hating ass bitch

And crystal said I still work there so shut up talking to me

Not here another maybe but I'm done ur to disrespectful

That's not how it works boo maybe you should read kbp policies before you start talking like you can do what you want.

Delivered

+

Filed by Corporations Division Administrator  Filing Number: 223691016550  Date: 05/24/2023



**Department of Licensing and Regulatory Affairs**

Form Revision Date 02/2017

# ARTICLES OF ORGANIZATION
## For use by DOMESTIC LIMITED LIABILITY COMPANY

*Pursuant to the provisions of Act 23, Public Acts of 1993, the undersigned executes the following Articles:*

### Article I

The name of the limited liability company is:

KOLDEST KOLLECTIONS HAIR, LLC

### Article II

Unless the articles of organization otherwise provide, all limited liability companies formed pursuant to 1993 PA 23 have the purpose of engaging in any activity within the purposes for which a limited liability company may be formed under the Limited Liability Company Act of Michigan. You may provide a more specific purpose:

### Article III

The duration of the limited liability company if other than perpetual is:

PERPETUAL

### Article IV

The street address of the registered office of the limited liability company and the name of the resident agent at the registered office (P.O. Boxes are not acceptable):

1. Agent Name: KAINA GRANT
2. Street Address: 418 N MAIN STREET
   Apt/Suite/Other: SUITE 200 PMB 4155
   City: ROYAL OAK
   State: MI                                   Zip Code: 48067

3. Registered Office Mailing Address:
   P.O. Box or Street Address: 418 N MAIN STREET
   Apt/Suite/Other: SUITE 200 PMB 4155
   City: ROYAL OAK
   State: MI                                   Zip Code: 48067

Signed this 19th Day of May, 2023 by the organizer(s):

| Signature | Title | Title if "Other" was selected |
| --- | --- | --- |
| Kaina Grant | Organizer | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

⌐ Decline      ⌐ Accept

Filed by Corporations Division Administrator   Filing Number: 223691016550     Date: 05/24/2023

# MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS

## FILING ENDORSEMENT

**This is to Certify that the**   ARTICLES OF ORGANIZATION

**for**

KOLDEST KOLLECTIONS HAIR, LLC

**ID Number:**     803043145

**received by electronic transmission on**   May 19, 2023        **, is hereby endorsed.**

**Filed on**     May 24, 2023        **, by the Administrator.**

The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 24th day of May, 2023.*

*Linda Clegg, Director*

*Corporations, Securities & Commercial Licensing Bur...*

**Arbitration Agreement**

I agree and understand that this Arbitration Agreement and class action waiver ("Agreement") applies to my (hereafter "Employee") application and employment with FQSR, LLC (d/b/a KBP Brands) and any of its parent, subsidiaries, affiliates and related companies, successors, and assigns, its supervisors, officers, directors, and/or agents, in their capacity as such (hereafter collectively referred to as "Employer"). The Agreement shall apply to Employee's administrators and representatives. In consideration of an offer of employment and future employment by Employer, the compensation and job benefits that Employee will receive from Employer, the mutual benefits of the speedy, impartial, and cost-effective dispute resolution procedure described below, and the mutual promises made by Employee and Employer herein, each of which the parties intend to be sufficient to support this Agreement, either independently or in conjunction with one another, the parties have reached the following mutual agreement to arbitrate:

(1)     Employer and Employee mutually agree that any and all disputes between them will be settled by binding arbitration. This mutual promise to arbitrate includes, but is not limited to, those disputes arising out of or relating in any way to Employee's application or applications for employment, any past, current, or future employment, and/or the cessation of employment with Employer, including but not limited to, any rights or claims Employee may have under any federal, state, or local law, including any statute, ordinance, regulation, code, order, or common law, including claims regarding employment discrimination, harassment, retaliation, wage and hour matters, breach of contract (express or implied), violation of public policy, wrongful termination, negligence or other torts, or otherwise, except as provided in paragraph (2) below. This mutual promise to arbitrate covers any and all disputes (past, present, and future) Employer and Employee now know about and those they may not know about.

(2)     This Agreement <u>does not</u> govern (a) disputes regarding workers' compensation benefits or unemployment compensation benefits, (b) disputes which arise out of Employee's relationship to Employer as a customer, (c) disputes relating to Employee's alleged criminal conduct, or (d) any other dispute that cannot be arbitrated as a matter of law. Nothing in this Agreement shall be construed as prohibiting Employee from filing a claim for unemployment or workers' compensation, an administrative charge of discrimination, an unfair labor practice charge, or other alleged violation of law with the Equal Employment Opportunity Commission, the National Labor Relations Board, or any other federal, state, or local governmental agency. Further, nothing herein shall be construed as prohibiting Employee or Employer from filing a claim with, reporting to, or otherwise communicating or cooperating with law enforcement or any federal, state, or local governmental agency.

(3)     All claims brought under this Agreement shall be brought in the individual capacity of Employee or Employer. No court or arbitrator shall have the authority under this Agreement to order any such class or collective arbitration. This Agreement shall not be construed under any circumstances to allow or permit the consolidation or joinder of other claims or controversies involving any other employees or parties, or permit such claims or controversies to proceed as a class or collective action. By signing this Agreement, Employee and Employer are

agreeing to waive any substantive or procedural rights that he, she, or it may have to bring an action on a class or collective basis.

(4)    All claims subject to this Agreement are subject to the statutes of limitation applicable to the federal, state, or local law under which such claims arise. **A demand for arbitration under this Agreement by Employee must be made in writing, and submitted to Employer's Chief People Officer to <u>humanresources@kbpinvestments.com</u> or, if made by Employer, to Employee at his or her last address on file with Employer or the address identified in the employment application. Failure to make a written demand for arbitration within the applicable statutory limitations period constitutes a waiver of the right to assert that claim in any forum.** Upon receipt of a demand for arbitration by Employee, Employer will provide Employee with the appropriate form to initiate arbitration with the American Arbitration Association ("AAA") within twenty (20) days, unless the parties otherwise agree on their own to the selection of an arbitrator or to a different time period. Nothing in this Agreement shall prevent the parties from attempting to resolve any dispute prior to or after submitting a request for arbitration. Once selected, the arbitrator may grant any remedy or relief, legal or equitable, that would have been available had the claim been asserted in court (subject to all provisions of this Agreement), but may not award relief greater than that available if the claim were asserted in court.

(5)    The arbitrator's decision shall be final and binding on Employee and Employer. **The parties acknowledge that arbitration is a substitute for traditional litigation in court and hereby waive their respective rights to file a private lawsuit and have that suit heard in court by a judge or jury. The Federal Arbitration Act governs this Agreement, and judicial review of any arbitration judgment, award or order is limited as provided by law.**

(6)    Arbitration under this Agreement may be administered by the American Arbitration Association ("AAA") under its Employment Dispute Resolution Rules (except as specified in this paragraph and paragraph (12), below), and the arbitrator shall apply the substantive federal, state or local law that governs the claim(s) asserted. The parties, however, may agree to jointly select an arbitrator on their own. In the event that the parties are unable to agree on the selection of an arbitrator, the parties shall request a list of arbitrators from the AAA. In addition to the qualifications and requirements specified in the Employment Dispute Resolution Rules, the list of potential arbitrators provided by AAA shall satisfy the following qualifications: (1) a former judge of either a federal court or a state court of general jurisdiction, and/or (2) lawyers who have practiced law and/or served as arbitrators in the field of employment law for at least 15 years and who are "AV" rated by Martindale-Hubbell. The arbitration shall take place at a mutually convenient time and location within the state where the complaint arose.

(7)    Either party may bring an action in any proper court to compel arbitration under this Agreement and/or to enforce an arbitration judgment, award, or order. If a lawsuit is filed prior to arbitration, any action by Employee or Employer to remove the lawsuit to federal court and/or to remand the lawsuit to state court prior to a motion to compel arbitration shall not be deemed a waiver by either Employee or Employer of any rights under this Agreement.

2

(15) The arbitration shall be conducted on a confidential basis. This means that the parties shall not disclose the fact of or outcome of the arbitration, any pleadings, motions or other documents offered or exchanged in connection with the arbitration, testimony provided in connection with the arbitration or any final or interim rulings ("Confidential Information") with any person not a party to the arbitration, other than as follows. Any entity, including Employer, that is a party to the arbitration, may disclose Confidential Information to: the entity's employees, officers and directors with a business purpose for receiving the information; its corporate parent organization; any experts or witnesses who may be called to provide testimony or other information in connection with the arbitration (but only to the extent necessary for such participation) (and any employees of such experts or witnesses); and the entity's counsel, accountants and tax preparers. Any individual, including Employee, who is a party to the arbitration, may disclose Confidential Information to: the individual's immediate family; any experts or witnesses who may be called to provide testimony or other information in connection with the arbitration (but only to the extent necessary for such participation) (and any employees of such experts or witnesses); and his or her counsel, accountants or tax preparers. With respect to disclosures to family members, officers, directors, employees, and other permitted recipients of Confidential Information, such recipient shall be advised that he, she or it, may not disclose the Confidential Information. Further, nothing herein shall restrict either party from reporting to or communicating with any governmental or quasi-governmental regulatory agency or self-regulatory body or a court of competent jurisdiction as necessary to enforce any preliminary or final judgment, award or order.

Agreed to:

FQSR, LLC d/b/a KBP Brands

*/s/ Kristi Macaluso*

By: Kristi Macaluso, Chief People Officer

**By checking the box within this section and clicking the "I Agree" button, I confirm that I carefully read, understand, and voluntarily agree to this Arbitration Agreement set forth within and that by so doing, I electronically sign such agreement with my electronic signature, which signature is considered the legal equivalent of my manual signature.**

**This Agreement is not valid for Minors under the age of eighteen (18) years of age unless signed by the Minor, and the Parent (Guardian). If you are a Minor, please check the box and apply your signature, then click the "Next" button to continue on with your employment application. You are required to obtain your parent/guardian's signature by visiting the link to the Agreement that was included in your onboarding invitation email.**

4

(8)      This Agreement reflects the full and complete agreement between Employer and Employee, and any prior negotiations, understanding, explanations, promises, and/or agreements are superseded by this Agreement, in each case with respect to the subject matter herein. Neither party is relying on any statements of any kind on the subject of this Agreement, except for the statements contained in this Agreement. This Agreement may be waived, modified, or superseded only in a later written document (including in electronic form) agreed to by both Employer and Employee specifically stating the parties' intent to so waive, modify or supersede this Agreement.

(9)      Employer shall pay the costs of the arbitration, including expenses of the proceedings, and the travel and expenses of the arbitrator. Employee may be required to pay a filing fee no greater than the fee for filing a lawsuit in federal or state court, as applicable; provided, however, that Employee may file the claim without a fee if he or she is indigent, pending a decision by the arbitrator on a request for a fee waiver based on the applicable AAA rules. Employer and Employee each have the right to representation in the arbitration by an attorney. Each party is responsible for payment of their respective attorney fees and other costs, such as for copies, court reporter fees if any, or other out-of-pocket charges. If any provision of this paragraph is contrary to the state law where employee is employed or federal law, then such law shall apply. The arbitrator may alter the apportionment of costs, including attorney fees, between the parties as provided for by applicable law.

(10)     The arbitrator has the authority to entertain any motion permitted by the Federal Rules of Civil Procedure (other than those relating to class or collective proceedings pursuant to Rule 23 or otherwise). The standards set forth in the Federal Rules of Civil Procedure shall apply to all such motions. The admissibility of evidence at any arbitration under this Agreement shall be governed by the Federal Rules of Evidence. All privileges recognized in the state in which the complaint arose shall be recognized in the arbitration, including, but not limited to, the attorney-client privilege and work-product doctrine.

(11)     The promise to arbitrate does not alter the "at-will" status of Employee's employment relationship with Employer.

(12)     The Agreement is mandatory and effective upon the date of the signature by Employee, as the offer of this Agreement with signature on behalf of Employer below already signifies Employer's assent to this Agreement. This Agreement shall survive the termination of Employee's employment.

(13)     Employer and Employee each hereby knowingly and voluntarily waive their respective right to a jury trial or trial by judge of the disputes to be arbitrated as set forth in this Agreement. The parties fully understand that this Agreement precludes Employer and Employee from seeking redress in court for the claims covered by this Agreement.

(14)  If any provision of this Agreement is found to be unenforceable under applicable law, it is the parties' intent that such provision be severed from the Agreement and that the remainder of the Agreement be enforced to the fullest extent permitted by applicable law.

3

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ihaina Grant

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Macomb County

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
34911 Van Dyke Ave. #394
Sterling Heights, MI 48312

## DEFENDANTS
KBP Brands and Wendy Gatewell

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [x] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 11,513,667.88

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
February 7, 2025

SIGNATURE OF ATTORNEY OF RECORD
*Ihaina Grant*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?              ☐ Yes

                                                                            ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously      ☐ Yes
            discontinued or dismissed companion cases in this or any other
            court, including state court? (Companion cases are matters in which  ☑ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :